FILED
SUPERIOR COURT
OF GUAM

2023 MAY -3 PM 3: 03

CLERK OF COURT

BY:_____ fm _____

## IN THE SUPERIOR COURT OF GUAM

**GERARD A. CRUZ,**

                Plaintiff.

    v.

**CARMELITA C. CRUZ,**

                Defendant.

**Domestic Case No. DM0554-14**

**DECISION AND ORDER
GRANTING DEFENDANT'S MOTION
FOR MONEY JUDGMENT AND
AMENDED DECREE**

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on March 20, 2023 for hearing on Carmelita C. Cruz's ("Defendant's") Motion for Money Judgment and Amended Decree ("Motion"). Attorney Edward Han represents Gerard A. Cruz ("Plaintiff"), and Attorney William Brennan represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **GRANTS** Defendant's Motion.

### BACKGROUND

Plaintiff and Defendant divorced in November of 2015 after 20 years of marriage. See Certificate of Divorce (Nov. 24, 2015). The parties entered into a Stipulated Interlocutory Decree for Divorce ("Stipulated Decree") and were granted a final decree of divorce on grounds of adultery. See Stipulated Decree at 1 (Nov. 24, 2015).

Pursuant to their stipulation, Plaintiff agreed to provide medical and dental insurance coverage through his employer to Defendant as a form of spousal support. Id. at 4. However, Plaintiff's employer later discontinued insurance coverage for former spouses, and Defendant has paid her insurance premiums since April 1, 2017. See Motion at 2-3 (Jan. 23, 2023). In July 2019, Defendant

was diagnosed with Stage 3 Non-Hodgkin's Lymphoma, and started chemotherapy. See *Cruz v. Cruz*, 2022 Guam 7 ¶ 11. The Guam Supreme Court found both of these changed circumstance material enough to warrant modifying the Stipulated Decree, requiring Plaintiff to pay for Defendant's health insurance premiums, despite his employer no longer providing such coverage. Id. at ¶ 40.

Also pursuant to their stipulation, Defendant solely retained Lot No. 3245-NEW-REM-1-5 in Chalan Pago ("Separate Property"). See Stipulated Decree at 2 (Nov. 24, 2015). Plaintiff also assumed various debts, including a Personal Finance Corporation ("PFC") loan, secured by defendant's Separate Property. Id. at 3. Plaintiff later used Defendant's Separate Property as collateral for a new PFC loan under Plaintiff's name alone. See *Cruz v. Cruz*, 2022 Guam 7 ¶ 4. Plaintiff ended up defaulting on the new PFC loan and PFC foreclosed on the Separate Property. Id. at ¶ 8.

The Guam Supreme Court ordered Plaintiff to reimburse Defendant for the value of the Separate Property, having determined that the Separate Property was solely in Defendant's possession and that the new PFC loan was solely Plaintiff's obligation. Id. at ¶ 32. The value of the Separate Property at the date of foreclosure (February 15, 2018) was $88,500. Id. at ¶ 8.

On January 23, 2023, Defendant filed her Motion for Money Judgment and Amended Decree. Defendant requests a Money Judgment in the amount of $88,500, covering the value of the Separate Property at the date of foreclosure. See Motion at 2 (Jan. 23, 2023). Defendant requests this Money Judgment be subject to an interest rate of 6% per annum, effective as of the date of foreclosure (February 15, 2018). See Motion, Ex. 1 – Proposed Money Judgment (Jan. 23, 2023). Defendant also requests modifying the Stipulated Decree, pursuant to the Guam Supreme Court's decision, so that Plaintiff pay her health insurance premiums, including past premiums which she herself covered. See Motion at 3 (Jan. 23, 2023).

On February 17, 2023, Plaintiff filed his Opposition to Defendant's Motion ("Opposition"). Plaintiff claims he isn't liable to pay retroactive interest on the $88,500 money judgment, nor is he liable to pay past health insurance premiums because the Guam Supreme Court ordered neither. See Opposition at 2 (Feb. 17, 2023).

On March 3, 2023, Defendant filed her Reply to Plaintiff's Opposition ("Reply"). Defendant claims interest should be included in the money judgment to account for the several years she was deprived of the Separate Property or its equivalent monetary value. See Reply at 2-3 (Mar. 3, 2023). Defendant also claims Plaintiff should pay for past premiums she covered because the material change in circumstances (Plaintiff's employer's insurance no longer providing coverage for former spouses) happened before she started paying. Id. at 3-4.

The Court held a hearing on March 20, 2023. Shortly before that hearing the parties reached an agreement as to the health insurance premiums and agreed to submit a stipulated judgment. See Court Minutes at 11:12:00-11:12:20 (Mar. 20, 2023). The Court then heard the arguments concerning the money judgment, and took that matter under advisement.

## DISCUSSION

"Every person who is entitled to recover damages... and the right to recover which is vested in him, upon a particular day, is entitled also to recover interest thereon from that day." See 20 G.C.A. § 2110. "Prejudgment interest is allowable where the amount due under the ... claim for damages is... readily ascertainable by reference to well-established market values." See *Guam Top Builders, Inc. v. Tanota Partners*, 2012 Guam 12 ¶ 68.

The Guam Supreme Court gave instructions "to issue a money judgment against Gerard for the value of Carmelita's Separate Property lost in the foreclosure." See *Cruz v. Cruz*, 2022 Guam 7 ¶ 32. It is undisputed that the value of the Separate Property at foreclosure was $88,500.

Since foreclosure, Defendant has been deprived of any benefits that come with owning the Separate Property or its equivalent monetary value. Furthermore, a basic understanding of the time value of money reveals that $88,500 in 2018 is not the same as $88,500 in 2023. Therefore, it would be unconscionable if the Court limited Defendant's recovery to the value of the property in 2018, without accounting for Defendant's lost beneficial use of the Separate Property since then. The $88,500 money judgment instructed by the Guam Supreme is therefore subject to an interest at the rate of 6% per annum effective as of the date of foreclosure (February 15, 2018).

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion.   **IT IS HEREBY ORDERED THAT:**

- Plaintiff shall pay Defendant the sum of eighty-eight thousand five hundred dollars ($88,500.00), with interest at the rate of 6% per annum effective as of February 15, 2018.  Said judgment shall accrue interest at the rate of 6% per annum, from February 15, 2018, until such judgment is paid in full.

- The parties shall submit a stipulated judgment for the Court's signature, amending the Stipulated Decree to incorporate their agreement regarding the health insurance premiums.

**IT IS SO ORDERED** this ___May 3, 2023___



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**